**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAYCCOL HEJEILE MORALES,** | : | **CIVIL ACTION NO. 1:26-CV-1933** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN, FCI ALLENWOOD-LOW,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 by a federal prisoner in the custody of the United States Bureau of Prisons ("BOP"). The petition will be denied.

## I. Factual Background & Procedural History

Petitioner Mayccol Hejeile Morales is incarcerated in Allenwood Federal Correctional Institution serving a federal criminal sentence. He filed the instant petition on July 10, 2026. (Doc. 1). Morales argues that the BOP is improperly refusing to apply time credits he earned pursuant to the First Step Act ("FSA") towards time in home confinement because he is subject to an immigration detainer issued by the United States Department of Homeland Security ("DHS") (Id.)

Respondent responded to the petition on August 19, 2026, arguing that the petition should be dismissed because Morales failed to exhaust administrative remedies and, alternatively, that it fails on its merits. (Doc. 6). Morales filed a reply brief on September 8, 2026, making the petition ripe for review. (Doc. 7).

## II. Discussion[1]

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Federal law requires the BOP to consider inmates for prerelease custody, 18 U.S.C. § 3624(c)(1), and in doing so, it must make an individualized determination based on consideration of:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

28 U.S.C. § 3621(b); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

[1] The court does not consider respondent's exhaustion argument in the interest of judicial economy because the court finds that the petition fails on its merits.

In this case, the BOP conducted the assessment required by Section 3621(b) and determined that Morales should not be transferred to prerelease custody. (Doc. 6-5 at 3). The BOP considered the five factors required to be considered under Section 3621(b), and noted that Morales's immigration status was an additional factor weighing against placing him in prerelease custody. (Id.) Having reviewed this assessment, the court finds that the BOP has complied with Section 3621(b) because it is clear that it has considered all five factors that must be considered.

This court's decision in Al Haj v. LSCI-Allenwood Warden, No. 1:24-CV-1193, 2025 WL 1115751, at *5-6 (M.D. Pa. April 15, 2025) (Neary, J.), does not compel a different conclusion. In Al Haj, the BOP categorically denied the petitioner's request for transfer to prerelease custody based on the petitioner's immigration detainer, without considering the five factors enumerated in Section 3621(b). Id. at *5. The court held that this was improper under Section 3621(b) and Woodall, 432 F.3d at 244, because it amounted to a categorical bar rather than an individualized determination. Al Haj, 2025 WL 1115751, at *5. The court accordingly granted the habeas corpus petition and required the BOP to conduct an individualized assessment that included consideration of the five factors enumerated in Section 3621(b). Id. In doing so, however, the court emphasized that its holding "shall not be construed as a holding that the BOP is barred from considering Al Haj's immigration detainer when it makes the individualized determination of whether he should be transferred to prerelease custody." Id. at *5 n.3. "The question whether the BOP may consider additional factors," the court explained, "is separate and

unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself." Id. (quoting Woodall, 432 F.3d at 247.

In this case, it is clear that the BOP considered the five factors enumerated in Section 3621(b) in denying Morales' claim seeking transfer to prerelease custody and considered Morales's immigration status as an additional factor in its analysis. (See Doc. 6-5 at 5 (noting limited bed space available for prerelease custody, the nature of Morales's criminal offenses, Morales's conduct in prison, and the absence of any relevant recommendation from the sentencing court before additionally noting Morales's immigration status as a factor bearing on the decision). This case is therefore distinguishable from Al Haj because the immigration detainer was simply an additional factor considered in the BOP's Section 3621(b) rather than a controlling element that overrode the five-factor analysis.

Similarly, Morales argues that the BOP violated Section 3621(b) because "Congress limited the BOP's placement discretion to five enumerated factors" and that Woodall supports this reading. The court disagrees. The plain language of Section 3621(b) requires the BOP to consider the five enumerated factors, but does not prohibit consideration of other unenumerated factors. See 18 U.S.C. § 3621(b).

Woodall is not contrary to this reading of the statute. As the court quoted above and in its prior Al Haj opinion, the court in Woodall simply barred the government from categorically withholding a transfer to prerelease custody based on an immigration detainer; it did not bar the government from considering

additional unenumerated factors in making its prerelease custody decision. See Woodall, 432 F.3d at 247 ("The question whether the BOP may consider additional factors is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself."). Because it is clear from the record that the BOP has not categorically denied relief based on Morales's immigration status and has conducted the review required by Section 3621(b), the court will deny Morales's habeas petition.[2]

## III. Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 24, 2026

[2] Morales also argues that under 18 U.S.C. § 3632(d)(4)(E), only immigrants subject to a final order of removal—and not simply an immigration detainer—are ineligible for application of FSA time credits to their sentences. (Doc. 7 at 2). Morales's reading of the statute is correct, but it does not appear that the BOP has barred him from applying FSA credits towards his sentence: Morales's projected release date has been shortened by application of FSA credits. (Doc. 6-2 at 2). To the extent that Morales is arguing that the BOP may not categorically bar inmates from transfer to prerelease custody based on an immigration detainer, the court agrees and held as much in Al Haj. As explained above, however, the court finds that no such categorical denial occurred in the instant case.